UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:18-cv-00023 JGB** | Date | July 13, 2018 |
| Title | *In Re Allen B. Shay* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present                                                None Present

**Proceedings:** **Order (1) AFFIRMING an Order by the United States Bankruptcy Court for the Central District of California; (2) STRIKING Appellant's Second Opening Brief (Dkt. No. 18); (3) DENYING Appellant Leave to Amend Opening Brief (Dkt. No. 24); and (4) VACATING the July 16, 2018 Hearing (IN CHAMBERS)**

Before the Court is an appeal by Allen B. Shay ("Appellant" or "Debtor") of an order from the United States Bankruptcy Court for the Central District of California denying the motion to vacate judgment ("Order"). ("Appeal," Dkt. No. 1.) The Court determines this Appeal is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of, and in opposition to, the Appeal, the Court AFFIRMS the Order by the bankruptcy court. The Court VACATES the July 16, 2018 hearing.

On December 14, 2017, Appellant filed his notice of appeal. (Dkt. No. 1.) The U.S. Bankruptcy Appellate Panel transferred this matter to the U.S. District Court for the Central District of California on January 2, 2018. (Dkt. No. 4.) On January 29, 2018, Appellant filed his opening brief ("Opening Brief," Dkt. No. 7) as well as a notice of lodging of two CDs (Dkt. No. 8): (1) hearing on proposed abandonment of property of estate filed by Chapter 7 trustee (December 8, 2015) ("CD 1"); and (2) hearing on motion to vacate judgment (December 5, 2017) ("CD 2"). On February 15, 2018, the Court issued a deficiency as transcripts were not forwarded to the Court. ("Deficiency Notice," Dkt. No. 9.) On February 28, 2018, Appellee filed his reply brief ("Appellee's Reply," Dkt. No. 10) as well as an appendix of 12 exhibits (Dkt. Nos. 11-12):

- Exhibit 1: Bankruptcy case docket for Appellant's bankruptcy case (Case No. 2:12-bk-26069 RK) through and including February 28, 2018 (Dkt. No. 11-1);
- Exhibit 2: Notice of intention to abandon assets (Banruptcy Dkt. No. 42) (Dkt. No. 11-1);
- Exhibit 3: Notice of opposition to abandonment of real property and request for a hearing (Bankruptcy Dkt. No. 96) (Dkt. No. 11-1);
- Exhibit 4: Order denying as ineffective that certain notice of proposed abandonment of property of the estate filed by Chapter 7 trustee on January 16, 2013 (Bankruptcy Dkt No. 127) (Dkt. No. 11-1);
- Exhibit 5: Docket in the United States District Court, Central District of California (2:17-cv-00434 JGB) the Appellate Court for the Appellant's appeal of the sale order (Dkt. No. 11-2);
- Exhibit 6: Quitclaim deed from the Appellee to the buyers of the Pine Bluff Property under the sale order (Dkt. No. 11-2);
- Exhibit 7: Order affirming an order of the United States Bankruptcy Court for the Central District of California (Dkt. No. 11-3);
- Exhibit 8: Motion and notice of motion to vacate judgment; memorandum of points and authorities; declaration of Allen Shay; exhibits (Dkt. No. 11-3);
- Exhibit 9: Opposition to Chapter 7 trustee to Debtor's motion to vacate judgment; Declaration of Anthony A. Friedman in support of opposition (Bankruptcy Dkt. No. 286) (Dkt. Nos. 11-4, 11-5);
- Exhibit 10: Response of Debtor to Chapter 7 trustee's opposition to Debtor's motion to vacate judgment (Bankruptcy Dkt. No. 289) (Dkt. No. 12);
- Exhibit 11: Transcript of hearing on December 5, 2017 at the Bankruptcy Court, Honorable Robert N. Kwan (Dkt. No. 12);
- Exhibit 12: Order denying Debtor's motion to vacate judgment and trustee's request for sanctions (Bankruptcy Dkt. No. 291) (Dkt. No. 12); and
- Exhibit 13: Notice of appeal of the order denying motion to vacate (Bankruptcy Dkt. No. 293) (Dkt. No. 12.)

On March 21, 2018, Appellant filed his reply brief. ("Appellant's Reply," Dkt. No. 13.) On March 29, 2018, the Court issued a notice that the bankruptcy record was complete. (Dkt. No. 15.)

On April 30, 2018, Appellant filed another opening brief. (Dkt. No. 16.) One month later, Appellee filed a motion to strike Appellant's opening brief filed on April 30, 2018. ("Motion to Strike," Dkt. No. 18.) In an abundance of caution, Appellee also filed two reply briefs and attached the same exhibits as before. (See Dkt. Nos. 19-23.) On June 6, 2018, Appellant filed a motion for leave to amend opening brief ("Motion for Leave to Amend," Dkt. No. 24) as well as a second reply brief (Dkt. No. 25).

## I.     BACKGROUND

On May 7, 2012, Appellant commenced a bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. (Exh. 1, Bankruptcy Dkt. No.

1.) In January 2013, the trustee filed a Notice of Intent to Abandon Assets ("the Notice"), which included real property at 1175 Pine Bluff Dr., Pasadena, California (the "Pine Bluff Property") in which Appellant had an interest. (Exh. 2.) In August 2015, creditor Janet Hurren filed a Notice of Opposition to Abandonment of Real Property. (Exh. 3.) In December 2015, the bankruptcy court found that the Trustee's Notice was ineffective because it was not served on all creditors of the estate. (Exh. 4.) Later that month, the bankruptcy court denied Debtor's motion to compel the Chapter 7 trustee to abandon the Pine Bluff Property. (Exh. 1, Bankruptcy Dkt. No. 185.)

On January 3, 2017, the Debtor appealed the sale order. (Id., Bankruptcy Dkt. No. 199.) Later that month, the bankruptcy court denied the Debtor's motion for stay pending appeal. (Id., Bankruptcy Dkt. No. 225.) On February 16, 2017, this Court, sitting as an appellate court, denied the Debtor's emergency motion for a stay of execution. (Exh. 5.) The sale of the property has concluded and the trustee has transferred title to the buyers pursuant to the sale order. (Exh. 6.) On October 17, 2017, this Court affirmed an order of the bankruptcy court regarding the sale order. (Exh. 7.)

On October 27, 2017, Appellant filed a motion to vacate judgment. (Exh. 8.) Appellant sought to vacate the December 2015 order finding the trustee's notice of abandonment ineffective. (Id.) On November 21, 2017, Appellee filed his opposition. (Exh. 9.) On November 27, 2017, Appellant filed his reply. (Exh. 10.) On December 5, 2017, the bankruptcy court held a hearing. (See id., Exh. 11.) Subsequently, on December 11, 2017, the bankruptcy court denied the motion to vacate and the trustee's request for sanctions. ("Order Denying Motion to Vacate," Exh. 12.)

## II.     LEGAL STANDARD

Upon appeal to a district court, the bankruptcy court's conclusions of law, including its interpretation of the Bankruptcy Code, are reviewed de novo and its factual findings are reviewed for clear error. In re Int'l Fibercom, Inc., 503 F.3d 933, 940 (9th Cir. 2007). Mixed questions of law and fact are reviewed de novo. In re Global Reach Inv. Corp., 2012 WL 933594, at *2 (B.A.P. 9th Cir. Mar. 20, 2012). After conducting its required review, the district court "may accept, reject, or modify the proposed findings of fact or conclusions of law." Fed. R. Bankr. P. 9033(d).

### III.    DISCUSSION[1]

    Appellant's statement of the case and facts is as follows:

    Appellant's claim and object to the denial of the motion to vacate the judgment because Janet Hurren filed a creditor's claim on August 13, 2013, she did not provide notice or serve the Trustee or Appellant after she filed it. Her defective notice was discovered in August 2017, and the Appellant learned that the court did not have jurisdiction on December 8, 2015 because no creditors provided the required consent according to the 9th Circuit court cases and 28 U.S.C. § 636(c)(1).

Opening Brief at 2. Appellant contends that he did not have an opportunity to determine whether Hurren was a creditor. Even assuming Hurren was not a creditor, the Court finds the bankruptcy court's Order proper for the reasons discussed below.

    In his initial filing with the bankruptcy court, Appellant listed numerous creditors; however, in the Notice of Intention to Abandon Assets (Exh. 2), the trustee served only those receiving notice on the electronic filing ("NEF") system. (See Exh. 2; CD 1; Exh. 11 at 266:19-23, 271:7-8, 272:19-22.) There is no indication that all the creditors listed in Appellant's initial filing received notice.

    Rule 6007(a) of the Federal Rules of Bankruptcy Procedure provides: "Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture

---

[1] Before turning to the merits of the Appeal, the Court must consider Appellee's Motion to Strike as well as Appellant's Motion for Leave to Amend. Appellant contends "[t]hree pivotal events" occurred after he filed his Opening Brief which justify leave to amend. (Motion for Leave to Amend at 5-6.) The Court disagrees. Appellant contends that the following transpired: (1) the Court required that he file transcripts from the December 8, 2015 and December 5, 2017 hearing; (2) review of the transcripts revealed the bankruptcy court's determination that Ms. Herron's status as a creditor was irrelevant; and (3) the bankruptcy court found that the Notice was ineffective since it was not served on all creditors and thus the finding was not invalid or void. (Id.) As to the first reason, pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), Appellant bears the burden to ensure that the record on appeal includes all documents and transcripts necessary. Further, Appellant had to file a statement of issues on appeal. See Fed. R. Bankr. Proc. 8009(a)(2). Pursuant to the Federal Rules of Bankruptcy Procedure, Appellant had to file the relevant transcripts and thus, the Deficiency Notice did not provide for new rules or procedures. Finally, the "new" facts or the bankruptcy court's reasoning that Appellant discovered upon review of the transcripts do not justify leave to amend. It is the Appellant's duty to review the necessary documents prior to filing an appeal and hindsight does not provide sufficient reason to grant leave to amend. Thus, the Court GRANTS Appellee's Motion to Strike and DENIES Appellant's Motion for Leave to Amend.

trustees, and committees elected pursuant to § 1102 of the Code." Fed. R. Bankr. P. 6007(a); see also 11 U.S.C. § 554(a) ("After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.") Similarly, the Ninth Circuit has held "there is no abandonment without notice to creditors." Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 710 (9th Cir. 1986) (finding that the trustee had not effectively abandoned an emotional distress claim to the debtor as "[n]othing in the record indicates that creditors were notified of the trustee's intent to abandon . . ."); see also In re Kreisel, 399 B.R. 679, 688 (Bankr. C.D. Cal. 2008) (citing Sierra Switchboard Co. with approval).

At the December 8, 2015 hearing, Bankruptcy Court Judge Robert Kwan referenced Federal Rule of Bankruptcy Procedure 6007 as well as its local counterpart. (CD 1.) He clearly explained that the trustee did not serve all creditors, and thus the abandonment was ineffective or invalid. (Id.) The bankruptcy court compared the mailing matrix Appellant filed with his petition with the notice of abandonment and determined all creditors did not receive notice. (Id.) Further, the bankruptcy court stated that trustee's counsel conceded the notice of abandonment was ineffective because not all creditors received notice. (Id.)

At the hearing on the motion to vacate judgment, Bankruptcy Judge Kwan stated, "Mr. Siegel, the Trustee, didn't serve any of the Creditors with the Notice of abandonment. That was really the problem. It wasn't just Ms. Herron. [sic.] Ms. Herron [sic] brought it to our attention." (Exh. 11 at 266:19-23; see also 271:7-8 ("And there were other people who didn't get notice, so it's invalid."); 272:19-22 ("no Creditors, except the NEF Creditors, were served with the Abandonment Notice. And because of that it was defective on its face.").) The Court agrees. Accordingly, even if Ms. Hurren were not a creditor, and did not provide adequate notice of her objection, the abandonment would still be ineffective.

Appellant argues Sierra Switchboard Co. is distinguishable and does not apply to the case at bar for several reasons: (1) Sierra Switchboard Co. was not raised in the hearing held on December 8, 2015; (2) the bankruptcy court offered the case; and (3) Ms. Hurren knew Appellant had filed for bankruptcy; and (4) Sierra Switchboard Co. involved a dispute between the debtor and one creditor and thus the judge had jurisdiction, unlike here. (Opening Brief at 19-20.) The Court finds Appellant's four reasons unpersuasive. First, even if Sierra Switchboard Co. was not raised at the first hearing, the bankruptcy court's reasoning based on Federal Rule of Bankruptcy Procedure 6007 was not invalid. Second, courts can, and often do, independently review case law and relevant rules. Third, Ms. Hurren and her status as creditor are irrelevant because the trustee did not serve all the creditors even absent Ms. Hurren. Fourth, Sierra Switchboard Co. held "creditors were not notified of the trustee's intent to abandon the emotional distress claim" and thus the claim "remained property of the bankruptcy estate." 789 F.2d at 710. The Ninth Circuit applied Federal Rule of Bankruptcy Procedure 6007. Id. at 709-10. The Court finds the exception Appellant attempts to proffer does not apply.

As to Appellant's argument that the bankruptcy court lacked jurisdiction, the Court finds it unpersuasive. Appellant argues the bankruptcy court lacked jurisdiction on December 8, 2015

because no creditors consented pursuant to 28 U.S.C. § 636(c)(1) and Ninth Circuit precedent. (Opening Brief at 2.) Title 28 U.S.C. § 636(c)(1) concerns consent to appear before a magistrate judge. Nowhere in the statute does the term "bankruptcy" appear. See 28 U.S.C. § 636. Appellant poses the question of whether it was proper for the bankruptcy judge to exercise jurisdiction over the December 8, 2015 hearing and "give standing to all creditors who were not served and had not consented or opposed the Appellant's final order in August 2015." (Opening Brief at 21.) Appellant appears to misunderstand the basis of the bankruptcy court's decision. The bankruptcy court did not treat Ms. Hurren as a representative of other creditors or opposing on behalf of other creditors; rather, Ms. Hurren merely brought to the bankruptcy court's attention that all creditors did not receive notice. (See Exh. 11 at 275:14-20.) Further, Appellant argues that creditors did not consent or oppose the Appellant's final order in August 2015. (Opening Brief at 21.) The Court cannot identify a final order in August 2015. (See Exh. 1.) To the extent Appellant argues something other than Ms. Hurren could not represent or object on behalf of all creditors, the Court is unclear what that argument is.

Finally, Appellant's argument advanced in his Reply Brief concerning fraud on the court lacks merit. Even if Ms. Hurren made misrepresentations to the bankruptcy court regarding her status as a creditor and the value of the Pine Bluff Property, the bankruptcy court's decision was based on the fact that *other* creditors did not receive the requisite notice to effectuate abandonment. Thus, the Court finds no reason to overturn the bankruptcy court's Order.

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the bankruptcy court's Order.

**IT IS SO ORDERED.**